UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

    James I. Wynn, Sr.,                                   Case No.: 13-20304
                                                                            Chapter 7
                    Debtor.

## DECISION
## AND CASE MANAGEMENT ORDER

PAUL R. WARREN, United States Bankruptcy Judge

       On July 27, 2017, the Court issued a Decision and Order converting this long-in-the-tooth case from Chapter 13 to Chapter 7. (ECF No. 285). Mr. Wynn took exception to the Court's ruling and filed an appeal with the District Court. (ECF No. 295). Despite the fact that the pendency of the appeal deprived this Court of jurisdiction to hear matters that would go to the heart of the appeal, the Chapter 7 Trustee and Mr. Wynn filed a series of motions and cross-motions. (ECF Nos. 332, 377, 343, 344, 345). The Court entered an Order deferring consideration of the motions and suspending further proceedings in the Chapter 7 case until resolution of the appeal. (ECF No. 348).

       Despite that Order, Mr. Wynn continued to file a series of motions raising objections, requesting relief, and continuing his conspiracy theory-based attacks. (*See* ECF Nos. 361, 364, 367, 370, 374, 376, 377, 378, 379, 383, 384, 385, 386, 388, 389, 390). Many of those papers were also filed with the District Court. (*See* Case No. 17-cv-6547-DGL, W.D.N.Y.). Because, on January 17, 2018, Mr. Wynn filed documents styled "verified complaints" (ECF Nos. 388, 389, 390), the Court was compelled to enter an Order specifically declining to consider those submissions. (ECF No. 391).

On February 15, 2018, the District Court entered a Decision and Order by which Judge Larimer dismissed with prejudice Mr. Wynn's appeal for want of prosecution. (*See* Case No. 17-cv-6547-DGL, ECF No. 31).[1] As a result, this Court is once again vested with jurisdiction over the bankruptcy case. *See* Rule 8008(a)(1) FRBP; Rule 8007(e)(1) FRBP; 28 U.S.C. § 158.

In the exercise of its discretion and in the interest of judicial economy, the Court finds it necessary and appropriate to clean up the procedural mess reflected by the docket. First, as for the motions made by the Chapter 7 Trustee after Mr. Wynn filed his notice of appeal, those motions are **DENIED WITHOUT PREJUDICE** because they are now stale. (ECF Nos. 305, 310, 315, 332, 343, 344, 345). Second, as for the motions made by Mr. Wynn after taking his appeal, those motions are **DENIED WITHOUT PREJUDICE** because they are either stale or out of deference to Mr. Wynn's *pro se* status. (ECF Nos. 361, 364, 367, 370, 374, 376, 377, 378, 379, 383, 384, 385, 386, 388, 389, 390). However, the Court would observe that the motions are duplicative of motions made by Mr. Wynn before the appeal, which the Court disposed of in large measure. The Court is familiar with the fanciful claims made by Mr. Wynn in his post-appeal submissions, and finds that no prejudice would be worked upon Mr. Wynn by declining to entertain (and denying without prejudice) each of the motions he filed between August 8, 2017 and February 15, 2018.

The Chapter 7 Trustee is directed to carefully review this case to reassess the benefit to unsecured creditors if liquidation proceeds. It appears that the real dispute is between Mr. Wynn and the secured creditors holding tax liens on his real properties located in Rochester on Lake Avenue and Elmdorf Avenue. The case is now 5 years old and, given the history of litigation reflected by the docket, a reexamination should be undertaken—to determine the costs to the Estate

---

[1] A copy of that Decision was also entered on the docket in this case as ECF No. 396.

and benefits to creditors—associated with this case proceeding under Chapter 7 before charging headlong into the fray.

**IT IS SO ORDERED.**

DATED: February 26, 2018                  _____/s/_____
       Rochester, New York                   HON. PAUL R. WARREN
                                               United States Bankruptcy Judge