UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES I. WYNN, SR..,

                                Appellant,

                                                                ORDER
        vs.
                                                                18-CV-6233L
GEORGE REIBER, et al.,

                                Trustees
_____

        The appellant debtor, appearing *pro se*, appeals from an order by the Bankruptcy Court

(Warren, J.) dated March 7, 2018, which denied certain motions by the appellant, ratified a Case

Management Order entered by the Bankruptcy Court, and suspended proceedings in the underlying

Chapter 7 bankruptcy action (#2-13-20304).   (Dkt. #1).   On March 22, 2018, the Clerk of Court

filed a notice reminding appellant of his obligations pursuant to Fed. R. Bankr. Proc. 8009.   (Dkt.

#2).   More than a year has passed, and nothing further has been filed in the instant matter.

Appellant has, to date, failed to take any action to comply with his obligation to perfect the appeal

as set forth in Fed. R. Bankr. Proc. 8009, or to obtain an extension of time to do so.

        It is well settled that federal courts are vested with the authority to dismiss a bankruptcy

appellant's claims for failure to prosecute, *sua sponte*.   *See e.g.*, *Livecchi v. Gordon*, 2013 U.S.

Dist. LEXIS 159724 (W.D.N.Y. 2013); *Frumusa v. Frumusa*, 2010 U.S. Dist. LEXIS 34921

(W.D.N.Y. 2010); *Bristol v. Ackerman*, 2010 U.S. Dist. LEXIS 27647 (E.D.N.Y. 2010).   Failure

to timely perfect an appeal has been held to be inexcusable, where the appellant provides no

explanation for the failure after several months.   *See e.g.*, *In re Tampa Chain Co.*, 835 F.2d 54,

1

55 (2d Cir. 1987).

The appellant has offered no explanation or excuse for his failure to timely perfect his appeal and has not requested any extension of time, despite the fact that he was manifestly on notice of his procedural obligations, and the potential consequences of failing to perform them, before he ever commenced the instant matter.   On February 18, 2018, this Court dismissed another action by the appellant for failure to prosecute after he failed to perfect an appeal for several months, despite multiple admonitions about his obligation to perfect, and a *sua sponte* grant of additional time to do so.   (17-CV-6547, Dkt. #31).   I therefore find the appellant's failure to perfect to be inexcusable under the circumstances, notwithstanding his pro se status.   *See generally Edward v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) (pro se litigants are required to comply with relevant procedural rules).   The Court has considered whether lesser sanctions would be appropriate and concludes that given the length of the appellant's delay, and his demonstrated indifference to the prosecution of the instant appeal, his conduct is willful and dismissal is warranted.

## CONCLUSION

For the foregoing reasons, the instant appeal is hereby dismissed in its entirety, with prejudice, for failure to perfect.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 15, 2019

2