UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES I. WYNN, SR..,

                              Appellant,

                                                                    ORDER

vs.

                                                                       18-CV-6194L

GEORGE REIBER, et al.,

                              Trustees

_____

      The appellant debtor, appearing *pro se*, appeals from an order by the Bankruptcy Court (Warren, J.) dated January 17, 2018, which plaintiff alleges to have been discriminatory and slanderous (#2-13-20304).

      On March 7, 2018, appellant filed a Notice of Appeal.  (Dkt. #1).  On April 11, 2018, the Clerk of Court transmitted the record on appeal, noting that the appeal had not been perfected: appellant had failed to pay the filing fee, order a transcript of the proceedings, or file a designation of items to be included in the record and a statement of issues to be presented, as required by Fed. R. Bankr. Proc. 8009(a).  A year has since elapsed, and appellant has, to date, failed to take any action to perfect the appeal, or to obtain an extension of time to do so.[1]

      It is well settled that federal courts are vested with the authority to dismiss a bankruptcy appellant's claims for failure to prosecute, *sua sponte*.  *See e.g.*, *Livecchi v. Gordon*, 2013 U.S. Dist. LEXIS 159724 (W.D.N.Y. 2013); *Frumusa v. Frumusa*, 2010 U.S. Dist. LEXIS 34921 (W.D.N.Y. 2010); *Bristol v. Ackerman*, 2010 U.S. Dist. LEXIS 27647 (E.D.N.Y. 2010).  Failure

---

1 Appellant's only action since filing the Notice of Appeal was to move for appointment of counsel (Dkt. #3).  That motion is hereby denied as moot.

to timely perfect an appeal has been held to be inexcusable, where the appellant provides no explanation for the failure after several months.  *See e.g.*, *In re Tampa Chain Co.*, 835 F.2d 54, 55 (2d Cir. 1987).

The appellant has offered no explanation or excuse for his failure to timely perfect his appeal, despite the fact that he was manifestly on notice of his procedural obligations, and the potential consequences of failing to perform them, before he ever commenced the instant matter. On February 18, 2018, this Court dismissed another action by the appellant for failure to prosecute after he failed to perfect an appeal for several months, despite multiple admonitions about his obligation to perfect, and a *sua sponte* grant of additional time to do so.   (17-CV-6547, Dkt. #31). I therefore find the appellant's failure to perfect to be inexcusable under the circumstances, notwithstanding his pro se status.  *See generally Edward v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) (pro se litigants are required to comply with relevant procedural rules).  The Court has considered whether lesser sanctions would be appropriate and concludes that given the length of the appellant's delay, and his demonstrated indifference to the prosecution of the instant appeal, his conduct is willful and dismissal is warranted.

## CONCLUSION

For the foregoing reasons, the instant appeal is hereby dismissed in its entirety, with prejudice, for failure to perfect.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 15, 2019